IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01117-KLM

CHARLES A. EKBERG,

    Plaintiff,

v.

CREDIT BUREAU OF CARBON COUNTY, and John/Jane Does individually in their capacity as officers of corp.,
COLLECTION CENTER, INC., Ft. Collins, CO, and John/Jane Does individually in their capacity as officers of corp.,
EDMONDS, RUSSELL & LOGUE, PC/INC.,
LOGUE, JEFFREY M., individually and as officer of corporation,
EDMONDS, ROCKY, individually and as officer of corporation,
BC SERVICES, INC., and John/Jane Does individually in their capacity as officers of corporation,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on its **Order to Show Cause** [#4][1] and **Plaintiff's Response of [sic] "Order to Show Cause", entered June 8, 2015** [#7] (the "Response"). In the Order to Show Cause, the Court explained that the allegations in the Complaint do not establish that the Court has subject matter jurisdiction and provided Plaintiff with an opportunity to explain "why this case should not be dismissed for lack of subject matter jurisdiction." *Order to Show Cause* [#4] at 4. The Response does not provide any

---

[1] "[#4]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

1

information that would allow the Court to conclude that it has subject matter jurisdiction over Plaintiff's claims and the Court, therefore, concludes that this case must be dismissed without prejudice.

> As explained in the Order to Show Cause,
>
> To the extent that Plaintiff alleges that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because at least one of the Defendants is a Wyoming corporation, that is not sufficient. As the Supreme Court of the United States of America and the Court of Appeals for the Tenth Circuit have both made clear,
>
>> diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005).
>
> *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). In this case, Plaintiff alleges that he is a citizen of Colorado and that several Defendants are either residents of Colorado or Colorado corporations. *Compl.* [#1] ¶¶ 1, 3-7. Therefore, there is not complete diversity.

*Id*. at 2. More specifically, in the Complaint, Plaintiff states that Defendant Logue "is a citizen of the United States of America and State of Colorado" and provides an address for this Defendant in Fort Collins, Colorado. *Compl.* [#1] at 2. Similarly, Plaintiff alleges that Defendant Edmonds "is a citizen of the United States of America and State of Colorado" and provides an address for this Defendant in Fort Collins, Colorado. *Id*. Finally, with regard to Defendant BC Services, Inc., Plaintiff alleges that this Defendant "is a State of Colorado corporation, in 'good standing' with [the] Secretary of State of Colorado" and provides a "principal office street address" in Longmont, Colorado for this Defendant. *Id*. These allegations make clear that there is not *complete* diversity in this case because Plaintiff is a resident of Colorado and certain Defendants are residents of Colorado and one

Defendant is a Colorado corporation.  In Plaintiff's Response he states:

> Defendants Credit Bureau of Carbon County, Inc., Edmonds, Russell & Logue, PC/Inc., are Wyoming corporations," and that "Defendants Jeffrey M. Logue/Rocky Edmonds[2] are principal officers of the Wyoming Corporation and the practicing lawyers for 'the law firm.'"

*Response* [#7] at 1.  However, the Court does not have jurisdiction over Plaintiff's claims simply because *some* Defendants are Wyoming corporations.  *All* Defendants must be citizens a different state than Plaintiff.

This case was assigned to a United States magistrate judge pursuant to the Court's Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, and the parties have not consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636©.  Because the Court concludes that this case should be dismissed for lack of subject matter jurisdiction, this case must be reassigned to a United States district judge.  Accordingly,

IT IS HEREBY **ORDERED** that this case shall be assigned to a district judge under D.C.COLO.LCivR 40.1(a).

IT IS RESPECTFULLY **RECOMMENDED** that this case be **DISMISSED without prejudice**[3] for lack of subject matter jurisdiction.

Dated:  July 27, 2015

BY THE COURT:

*[signature]*

Kristen L.  Mix
United States Magistrate Judge

---

[2]  These Defendants are named individually and as officers of corporations.  *Compl.* [#1] at 1.

[3]  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)